LAW OFFICES OF
**PHILIP J. BERG**

555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

PHILIP J. BERG

(610) 825-3134

NORMAN B. BERG, Paralegal [Deceased]

Fax (610) 834-7659

E-Mail: philjberg@gmail.com

April 4, 2013

12-7002-f6

Honorable Thomas N. O'Neill, Jr.
Senior United States District Court Judge
**U.S. District Court, Eastern District of Pennsylvania**
4007 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

Sent via Facsimile to: (215) 580-2137.........................................................................Total = 6 Pages

Re: ***Ostella, et al v. IRBSearch, et al***, Case No. 12-cv-07002-TON

Dear Judge O'Neill:

At the hearing yesterday morning before your Honor on Defendant LexisNexis Risk Data Management, Inc.'s ["LNRDMI"] Motion to Dismiss or in the Alternative to Transfer the Case to California, Michael B. Miller, Esquire, counsel for LNRDMI stated that Plaintiffs Request for Judicial Notice Exhibits "11" and "12" proved that Plaintiffs were aware of the Accurint reports and the fact they were governed by the Driver's Privacy Protection Act since March 2009. These along with other statements by Mr. Miller are inaccurate and I feel further briefing by the Plaintiffs is necessary to protect my clients.

A few examples substantiating Plaintiffs request to be able to further brief LNRDMI's Arguments of yesterday, April 4, 2013 include but are not limited to:

LNRDMI's Request for Judicial Notice Exhibits "N" and "O" are the reports Plaintiffs obtained from Todd Sankey, Neil Sankey and The Sankey Firm, Inc.'s ["the Sankeys"] in their Initial Disclosures in or around the end of March 2012. The Sankeys refused to identify the reports and advise where the reports came from. LNRDMI have many resellers of their Accurint products. Plaintiffs did not learn about IRBSearch, LLC ["IRB"] or the fact IRB is who obtained the Accurint

Honorable Thomas N. O'Neill, Jr.  April 4, 2013
Senior United States District Court Judge
**U.S. District Court, Eastern District of Pennsylvania**
Page Two

Reports and resold them to the Sankeys until in or about the end of March/early April 2012. Plaintiffs addressed this in their Opposition to LNRDMI's Motion to Dismiss or Transfer, Docket No. ["Dkt No."] 27 at p. 16, last paragraph and p. 18, fn. 8, last paragraph. The Sankeys had the reports in question since March 2009, not the Plaintiffs.

LNRDMI infers in their Motion to Dismiss or Transfer that Plaintiffs were aware that Accurint was governed by the DPPA and Plaintiffs were aware of the Accurint reports since 2010, just as Mr. Miller attempted yesterday in Court. This is patently false. LNRDMI states that Plaintiffs were aware because they filed the reports in the California litigation, and attached the report to its Request for Judicial Notice ["RJN"] as Exhibit "I". Exhibit "I" clearly shows the filing date of April 19, 2012 (Spring 2012), not 2010, same for LNRDMI's RJN Exhibit "J". LNRDMI refers to a letter sent to Mrs. Liberi, on November 19, 2010, LNRDMI's RJN Exhibit "K" and Mrs. Ostella on November 22, 2010, LNRDMI RJN Exhibit "L" and claim it advised Mrs. Liberi and Mrs. Ostella that their Accurint reports were governed by the DPPA. However, LNRDMI leaves out the important part of the letter that clearly states "**Please be advised that the Accurint database, as of today, has no record of you in our database.**" [Emphasis Added]. *See* LNRDMI's Exhibits "K" and "L", 4th paragraph, single sentence. LNRDMI falsely led Plaintiffs to believe that they did not have any type of Accurint Records or Reports on file and therefore, the DPPA and/or the Gramm Leach Bliley Act would not apply to the Plaintiffs. LNRDMI fraudulently concealed the fact that LNRDMI had Accurint Records and Reports on Plaintiffs and those reports were obtained from Plaintiffs Motor Vehicle Records and sold to unauthorized third parties in violation of the DPPA. This is further demonstrated in Plaintiffs RJN, Dkt. No.'s 28-10 and 28-11, Exhibits "9", pp. 38-60 and "10", pp. 61-78 which are Mrs. Liberi and Mrs. Ostella's "supposed" full file disclosures governed by the Fair Credit Reporting Act from LexisNexis Risk Solutions Bureau, LLC, another division of LNRDMI, which states no one obtained their (Mrs. Liberi and Mrs. Ostella's) reports. As can also be seen in Plaintiffs RJN Exhibits "9" and "10", Plaintiffs Accurint Reports were omitted. LexisNexis Risk Solutions Bureau LLC states the full file disclosure contains all files, reports and records from all their divisions.

Plaintiffs sought their reports directly from LNRDMI numerous times since February 2010; Mr. Berg had several conversations with LNRDMI and even served a subpoena upon them, which LNRDMI refused to honor. LNRDMI continued stating that they did not have reports on the Plaintiffs; the Sankey's did not have an account with Accurint and did not obtain reports on any of the Plaintiffs from Accurint. It was not until in or about the end of March 2012 when Plaintiffs received the Sankeys Initial Disclosures that contained two of the reports in question, one on Plaintiff Lisa Liberi and one on Plaintiff Brent Liberi. Approximately five (5) reports in total were sold by Accurint to IRB and sold from IRB to the Sankey's on each of these two Plaintiffs. Plaintiffs have never been provided the four additional reports obtained and sold on Plaintiffs Brent and Lisa Liberi and none of the reports on Plaintiffs Dr. Frank and Lisa Ostella; or Philip J. Berg, Esquire have been disclosed. It was not

Honorable Thomas N. O'Neill, Jr.  April 4, 2013
Senior United States District Court Judge
**U.S. District Court, Eastern District of Pennsylvania**
Page Three

until approximately the end of March, early April 2012 that Plaintiffs learned about IRBSearch, LLC when it was disclosed in LNRDMI discovery responses[1], See Plaintiffs RJN, Dkt. No. 28-16 filed February 12, 2013, Exhibit "15" at pp. 238-239; and the Declaration of Lisa Policastro filed on behalf of LNRDMI's Motion for Summary Judgment in the California Case on or about April 3, 2012, See Plaintiffs RJN, Dkt. No. 28-15 filed on February 12, 2013 as Exhibit 14, pp. 229-232.

Mr. Miller also directed this Court to LNRDMI's RJN Exhibits "N" and "O" as if that somehow supports his position of *Res Judicata*, the inferences made by Mr. Miller again were inaccurate. On April 30, 2012 Plaintiffs sent a letter to Judge Guilford seeking Leave to file a Motion to Compel LNRDMI for proper Discovery responses and production of Discovery documents[2]. See the letter attached hereto. In this same letter, Plaintiffs sought a Court Order or Leave to Compel IRB to adhere to the Subpoena served upon them for the reports sold on Plaintiffs. To date, Judge Guilford has never responded to Plaintiffs letter. LNRDMI RJN Exhibit "N" is a letter sent by the Plaintiffs to Judge Guilford in the California case on May 29, 2012 regarding the state claims brought against LNRDMI based on violations of the Fair Credit Report Act and the California State Law Equivalents that were preempted by Plaintiffs' claims for violations of the Fair Credit Reporting Act. The letter sought Leave of Court to file a Rule 60(b) Motion for Relief from Final Judgment, which was after Plaintiffs received LNRDMI's Discovery responses admitting that reports were sold on the Plaintiffs that were created by Accurint. See Plaintiffs RJN, Dkt. No. 28-16 filed February 12, 2013, Exhibit "15" at pp. 238-239. Plaintiffs also informed the Court that dismissal of any of Plaintiffs State Law Claims, all of which were based upon violations of the FCRA, under the Communications Decency Act ["CDA"] was unjust because "**this immunity was never raised or sought by any of the Reed Defendants in their Motion to Dismiss and Plaintiffs were not afforded the opportunity to address the Communications Decency Act Immunity as to any of the Reed Defendants.**" [Emphasis added]. See LNRDMI's RJN, Dkt. No. 22-19, Exhibit "N" at p. 1, second paragraph. LNRDMI's RJN Exhibit "O" is the Court's denial of Plaintiffs request to file a Rule 60(b) Motion. Because Judge Guilford's Order is not a final Order, Plaintiffs are unable to appeal his ruling until the conclusion of the case, just like the rulings on LNRDMI's Motion to Dismiss and the Court's granting of their Motion for Summary Judgment dismissing all FCRA claims plead against LNRDMI.

The examples outlined above show good cause to allow Plaintiffs to properly brief LNRDMI's arguments presented yesterday in Court; and as the above examples show, Plaintiffs did not learn of the DPPA violations or IRB until the Spring of 2012; LNRDMI and the other Defendants fraudulently

---

[1] When LNRDMI responded to Plaintiffs discovery in the California Case, Plaintiffs' counsel also received discovery responses, or lack thereof, from six other LNRDMI entities, totaling approximately 500 pages. LNRDMI nor any of its entities provided any of the reports they obtained from Plaintiffs Motor Vehicle Records or sold to third parties on any of the Plaintiffs.

[2] Judge Guilford in the California Case issued an Order of June 14, 2011, Docket No. 227, that all parties must seek Leave of Court prior to the filing any Motions or Papers.

Honorable Thomas N. O'Neill, Jr.  
Senior United States District Court Judge  
**U.S. District Court, Eastern District of Pennsylvania**  
Page Four

April 4, 2013

concealed the reports and information pertaining to illegally obtaining and selling to unauthorized third parties Plaintiffs Department of Motor Vehicle Records in violation of the DPPA, the publication of the same and the facts that this case is not the same or based on the same violations as the California case. Thus, *Res Judicata* does not apply.

Plaintiffs request thirty [30] days **after receipt of the Notes of Testimony that we are requesting today** to file their further briefing regarding LNRDMI's arguments made in Court on April 3, 2013.

Thank you.

Respectfully,

*/s/ Philip J. Berg*

Philip J. Berg

PJB:jb

cc: Michael B. Miller, Esquire  
James F. McCabe, Esquire  
Mark A. Aronchick, Esquire  
Sharon F. McKee, Esquire  
*Counsel for LexisNexis Risk Data Management Inc.*

Charles L. Rombeau, Esquire  
Frank P. Rainer, Esquire  
*Counsel for IRBSearch, LLC*

Neil Sankey  
4230 Alamo Street  
Simi Valley, CA 93063  
*In Pro Se*

Todd Sankey  
2470 Stearns Street  
Simi Valley, CA 93063  
*In Pro Se*

The Sankey Firm, Inc.  
2740 Stearns Street  
Simi Valley, CA 93063  
*Unrepresented – In Pro Se*

LAW OFFICES OF
**PHILIP J. BERG**

PHILIP J. BERG

555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

NORMAN B. BERG, Paralegal [Deceased]

(610) 825-3134

Fax (610) 834-7659

E-Mail: philjberg@gmail.com

April 30, 2012

Honorable Andrew J. Guilford
Judge, United States District Court
U.S. District Court, Central District of CA, Southern Division
411 W. 4th Street, Courtroom 10-D
Santa Ana, CA 92701

Sent via Email to: *AG_Chambers@cacd.uscourts.gov*

Re: *Liberi, et al v. Taitz, et al*, Case No. 8:11-cv-00485 AG (AJWx)

Dear Judge Guilford:

Pursuant to this Court's Order of June 14, 2011, Docket No. 227, Plaintiffs are seeking Leave to file a Motion to Compel Discovery against each of the Reed Defendants; and to file a Motion for a Court Order to be issued upon IRBsearch, LLC to Honor a Subpoena.

### 1. The Reed Defendants – Motion to Compel Discovery:

Discovery cut-off in this case was March 5, 2012. On January 19, 2012, Plaintiffs originally served Discovery requests upon each of the Reed Defendants by way of Interrogatories, Request for Production of Documents, and Request for Admissions. On March 8, 2012, the Reed Defendants objected and failed to answer the Discovery with the exception of Accurint (Seisint, Inc. d/b/a Accurint), wherein the Reed Defendants answered a few of the discovery Interrogatories and Admissions, but failed to produce any of the documentation. The undersigned has attempted to resolve the discovery disputes with the Reed Defendants, but was unable to reach a resolution; therefore, Good Cause exists to Grant Plaintiffs Leave to file a Motion to Compel the Discovery.

### 2. Subpoena issued upon IRBsearch, LLC – Request to file a Motion for a Court Order:

Plaintiffs did **not** learn of IRBsearch, LLC from the Reed Defendants until **after** the discovery cutoff date. My paralegal, Lisa Liberi, returned the call of Melissa Parker with IRBsearch, LLC at (800) 447-2112, ext. 1109 on April 3, 2012, regarding any reports supplied to the Sankey Defendants through their organization. Ms. Parker admitted that the Sankey's account had been revoked in early 2010 due to a data breach, and the Reed Defendants were notified. Ms. Parker stated an investigation

Honorable Andrew J. Guilford  April 30, 2012
Judge, United States District Court
U.S. District Court, Central District of CA, Southern Division
Page Two

had been initiated. Ms. Parker instructed my office to furnish a Subpoena for copies of any and all reports, and other information pertaining to my clients. I sent a Subpoena to IRBsearch, LLC on April 3, 2012 as instructed by Ms. Parker.

On April 22, 2012, I received objections pursuant to *Fed. R. Civ. P.* 45 to the Subpoena from IRBsearch, LLC. In particular, they stated because Discovery was closed they would **not** honor the Subpoena; and they believed that we had received all the reports, which we had **not**.

As for both issues presented hereinabove, we have **not** been provided any documentation from any of the Reed Defendants; the Sankey Defendants did **not** provide all the reports; and we did **not** learn of IRBsearch, LLC until after the discovery cutoff date of March 5, 2012. Plaintiffs are entitled to the reports and information sold on them from each of the Reed Defendants as well as IRBsearch, LLC.

As will be outlined in Plaintiffs prospective Motions to Compel and for a Court Order, the indisputable evidence will show that Plaintiffs have exhausted all remedies available to them, and attempted to receive the documentation and discovery from the Reed Defendants and IRBsearch, LLC in good faith, attempting **not** to have to involve the Court. Plaintiffs are entitled to their requested discovery.

With this said, Plaintiffs respectfully submit that good cause exists to Grant Plaintiffs Leave to file a Motion to Compel each of the Reed Defendants to comply with Discovery; and for a Court Order to issue upon IRBsearch, LLC to honor the Subpoena.

Thank you.

Respectfully,

*/s/ Philip J. Berg*

Philip J. Berg

PJB:jb

cc: Jeffrey Cunningham, Esquire, Attorney for Defendants Orly Taitz, Law Offices of Orly Taitz, and Orly Taitz, Inc.
Orly Taitz, Esquire, Attorney for Defendant Defend our Freedoms Foundations, Inc.
Marc S. Colin, Esquire, Attorney for Sankey Defendants
James McCabe, Esquire, and Michael B. Miller, Esquire Attorneys for the Reed Defendants
Frank P. Rainer, Esquire, Counsel for IRBsearch, LLC