# UNITED STATES DISTRICT COURT

for the

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lisa Ostella, et al., )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>IRBSearch, LLC, et al., )<br>)<br>Defendants )<br>_____) | **Case No. 2:12-cv-07002-TON** |

**DEFENDANTS NEIL SANKEY, TODD SANKEY
AND THE SANKEY FIRM, INC.'S
MEMORANDUM IN RESPONSE TO PLAINTIFFS [sic] FURTHER
MEMORANDUM DOCUMENT 45-1 RE: THE SANKEYS' MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
TO TRANSFER TO CALIFORNIA**

1

# I. INTRODUCTION

Given that Mr. Berg's Document 45-1 is redundant and meritless, this brief response will quickly address only Berg's continuing attempts to mislead the Court through his false citations and provide a few closing points in response to other aspects of his smoke-screen.

# II. PLAINTIFFS' CITATIONS ARE IRRELEVANT, IMPROPER, OR ADVERSE TO THEIR POSITION

Mr. Berg continues to fail to provide legal authority to support his positions by proffering citations that are irrelevant, improper, or adverse to the Plaintiffs' positions. The following addresses the first seven of such cases.

## A. *Borg-Warner Protective Services Corp. v. Superior Court (Syroco, Inc.)* (1995) 75 Cal.App.4th 1203

The first case that Berg cites is California Appellate Court case *Borg-Warner Protective Services Corp. v. Superior Court (Syroco, Inc.)* (1995) 75 Cal.App.4th 1203. Although the trial Court held that a security company was liable for the unapproved actions by an employee, the Appellate Court reversed the decision, stating in the first two sentences of the opinion that,

> ". . . we determine that Business and Professions Code section 7582.15 does not abolish the common law doctrine of <u>respondeat superior in requiring that an employee be acting in the scope of employment in order to hold an employer liable for the employee's acts.</u>

2

"We conclude, therefore, that the trial Court erred in denying summary adjudication of a cause of action which seeks to hold a security guard company vicariously liable based on section 7582.15. Accordingly, we will grant the petition for writ of mandate." *Id.* at 1205, 1206.

Mr. Berg maintains that the case states the opposite of the actual holding and that it supports the Plaintiffs' position. Mr. Berg is wrong. Mr. Berg's contention that "the (*Borg-Warner* Court) said: 'By virtue of . . . .'" is completely and abjectly false. That which he states as the holding of the Borg-Warner Court is an internal quote from *Ford Dealer's Assn. v. D.M.V.* (1982) 32 Cal.3d 347, 360 which has nothing to do with private investigators. Further, the *Borg-Warner* Court <u>rejected</u> Syroco's contention that the course and scope requirement was no longer applicable to the doctrine of respondeat superior with regard to security guards, holding that,

> "<u>Syroco maintains that this statute is very clear and makes a security guard company strictly liable for the acts of its employees by abolishing the course and scope of employment requirement</u> which is otherwise necessary to impose respondeat superior liability. <u>Wells Fargo contends to the contrary</u> that the plain meaning of the statute is that the phrase 'good conduct' is limited by the 'in the business' phrase that follows it, and that the statute effects no change in the common law. <u>We agree with Wells Fargo's interpretation</u>." *Borg-Warner* at 1207, emphasis added.

The *Borg-Warner* Court did consider the Private Investigator Act, but Berg entirely misinterprets the clear language and meaning of the case. The Court held that the long existing "course and scope" requirement most certainly continues to apply to the Private Investigators Act, stating,

3

> "'However, the Legislature has already made a general policy determination that an <u>employer is not vicariously liable for the act of an employee outside the scope of employment</u>, and, for the reasons we have discussed, we cannot find that it intended to change this rule with respect to employers of security guards. . . .
> 
> "It is the intent of the Legislature in repealing the Private Investigator Act, and moving all existing provisions into either the new Private Investigator Act, relating to private investigators, or the Security Services Act, relating to security services, that the new laws be construed as a <u>continuation of the prior laws, and not to make any substantial change in the law</u>.'" (Stats. 1994, ch. 1285, § 9.)" *Id*. at 1207, 1208.

### B. *Leone v. Catalado*
### 574 F.Supp. 2d 471 (E.D. Pa. 2008)

Mr. Berg's second cited case, *Leone v. Catalado*, 574 F.Supp. 2d 471, 483 (E.D. Pa. 2008), also fails to support Berg's statement that the Court need only consider well-pleaded Allegations. In particular, he quotes Leone as stating that "In determining a Motion to transfer for improper Venue, the well-pleaded allegations of the Complaint must be assumed to be true." That is <u>not</u> what the Court stated. To the contrary, the Court actually stated that,

> "Generally, when deciding a Rule 12(b)(3) motion to dismiss for improper venue, a Court must accept as true the allegations in the complaint, <u>although the parties may submit affidavits to support their positions</u>." *Id*. at 483, emphasis added.

The Sankeys' have filed many declarations during the course the Liberi/Ostella litigation in Pennsylvania and in California concerning

4

jurisdictional and venue issues. Mr. Berg would have the Court believe that they do not count. They do count and should be given far more weight than the bogus and baseless allegations, conclusory statements, diatribe and misstatements of fact and law.

### C. *Pichler v. UNITE*, 446 F. Supp.2d 353 (E.D. PA 2006), cited by Plaintiffs but superseded by *Pichler v. UNITE*, 542 Fed.3d 380 (E.D. PA 2008) and *Pichler v. UNITE*, 585 Fed.3d 741 (E.D. PA 2009)

The next is improperly cited *Pichler v. UNITE*, 446 F. Supp. 2d 353, 368 (E.D. PA 2006) which was superseded by *Pichler v. UNITE*, 542 Fed. 3d 380 (E.D. PA 2008), which vacated the trial court ruling and remanded the matter to the trial court. The Appellate Court took up the matter again in *Pichler v. UNITE*, 585 Fed. 3d 741 (E.D. PA 2009). Berg is two Appellate Court decisions behind. In any event, the case before the Appellate Court concerned discovery, i.e., a motion for a protective order, which was denied. It has nothing whatsoever to do with motions to dismiss or to transfer.

### D. Three Uncertified Cases

Next, Berg cites *Bennet v. Itochu Int'l, Inc.* LEXIS 73751 (E.D. Pa. Aug. 17, 2009), and it need only be noted that it was apparently not certified for publication and not amenable to being cited. Similarly for next cited cases *Bond v. Laser Inst.*,

5

LLC Lexis 82736 (E.D. Pa. 2010) and *Inaganti v. Columbia Props. Harrisburg* Lexis 59166 (E.D. Pa. 2010).

E.  *Monihem v. Oliver Machinery Co.*, 502 F.Supp 36 (E.D. Pa. 1980)

The next case cited by Berg is *Monihem v. Oliver Machinery Co.*, 502 F.Supp 36 (E.D. Pa. 1980) in which the defendant tool manufacturer moved to transfer a case filed by the injured plaintiff in the Eastern Division of Pennsylvania. The plaintiff opposed but the request was <u>granted</u>. The Court noted that plaintiff's choice is given some deference, but not in the instance where, as here, "none of the conduct complained of occurred in plaintiff's selected forum." *Id.* at 38. Nothing was done by any of the Sankey Defendants in Pennsylvania; none of the Sankey Defendants have ever been to Pennsylvania nor done business in Pennsylvania; and no party, other than Berg, lives or works in Pennsylvania. Having disposed of the first seven of the cases that Berg cites, we can move on.

### III. CLOSING POINTS

1. These motions concern dismissal and transfer and are not discovery motions. Berg's arguments regarding initial disclosure and discovery are without merit nor relevance to our motions. That Berg consciously decided not to take depositions or proceed with discovery until very shortly before the discovery deadline in the California case rests on his shoulders and those of his clients. Even so, an initial disclosure does not require identification and/or production of

6

every document in the party's possession, only those on which that the party will rely upon in the party's case, excepting those intended only for impeachment. Mr. Neil Sankey provided far more than that by providing reports for which there was no expectation of reliance, just impeachment. Neither Todd Sankey nor The Sankey Firm, Inc. had possession of any documents prior that prior to the initial disclosure. Nothing was hidden.

    2. Mr. Berg states on page 7 that the "Defendants do **not** give any explanation as to why they obtained reports. . . ." (Emphasis in original.) It is unnecessary for moving parties to prove their case in a motion to dismiss or transfer. Berg has been informed on many occasions that Mr. Neil Sankey was working for Dr. Orly Taitz, who he was led to believe had the intent of suing some of the Plaintiffs. The other two Sankey Defendants, Mr. Todd Sankey and The Sankey Firm, Inc., never obtained and never even saw any reports or other material concerning the Plaintiffs prior to be being sued by them.

    3. Should the Court not dismiss this case with prejudice as we contend is appropriate, nothing could be more efficient, offer greater convenience to all of the parties, be more economical to the parties and result in the greatest judicial economy than litigating and trying the Liberi/Ostella case as one in California, a <u>jurisdiction and venue picked by and requested by the Plaintiffs and Mr. Berg and in which Mr. Berg actively practices.</u>

///
///
///

## IV. CONCLUSION

We thank this Court for its understanding and consideration of our positions in this bizarre offshoot of an existing case. We respectfully pray that this Court grant our motion for dismissal of this frivolous case with prejudice.

Respectfully submitted on this 22nd day of April in the year 2013,

_____
Todd Sankey, for himself and as President of
The Sankey Firm, Inc.

_____
Neil Sankey