Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification No. 09867
(610) 825-3134                                                *Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LISA OSTELLA, et al, | : | |
|---|---|---|
| Plaintiffs, | : | CIVIL ACTION – |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| IRBSEARCH, LLC, et al, | : | |
| Defendants. | : | Case No: 2:12-cv-07002 TON |

FILED
MAY 22 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANT IRB'S
REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS and/or TRANSFER**

Plaintiffs respectfully submit this Memorandum of Law as a Sur-Reply to the Reply Memorandum of Defendant, IRBSearch, LLC, [at times "IRB"] in support of its Motion to Dismiss as well as to Defendant's Motion to Transfer Venue under §1404(a). This Sur-Reply concerns the Court's inquiry into the *Kauffman v. Moss*, 420 F.2d 1270 (3d Cir 1970) [hereinafter at times "*Kauffman*"] case holding and legacy.

**I.    PRELIMINARY STATEMENT:**

Plaintiffs' Complaint in this action regards violations of the DPPA and causes of action resulting therefrom. Plaintiffs adopt and incorporate their own Statement of Facts as outlined in their Brief in Opposition to LNRDMI's Motion to Dismiss or Transfer as if fully transcribed

1

herein. This brief is in response to Your Honor's inquiry as to whether collateral estoppel is an affirmative defense that cannot be used to support a motion to dismiss. The analysis stems from Your Honor's pointing to the *Kauffman* case.

## II. ARGUMENT:

### A. *Kauffman* and Federal Law:

Federal Rule of Civil Procedure 8(c) states:

(1) *In General.* In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including…estoppel. FRCP 8(c)(1) (2007).

It appears to Plaintiffs that Defendant, IRB, has not complied with the Order of this Court to brief the issue of whether estoppel can be properly brought on a motion to dismiss. Defendant's brief mentions that the Court must look to the record to decide the matter, and then in a conclusory manner states that, because a lengthy record exists, the Court is able to decide this issue on a motion to dismiss. Plaintiffs believe that this statement – that a lengthy record is at Your Honor's disposal – was not in question, but that Your Honor requested information as to whether the estoppel defense could properly be brought as part of a 12(b)(6) claim. Plaintiffs believe that *Kauffman* instructs the affirmative defense of estoppel to be brought as part of a summary judgment motion.

*Kauffman* concerned an appeal from an order dismissing a civil rights complaint on the basis of collateral estoppel, as similar issues were involved in the plaintiff's previous criminal trial and current civil litigation. *Kauffman*. The court held that an unreversed criminal conviction on its own is not enough to bar further litigation. In reversing the dismissal, the Court stated, "Reasonable doubt as to what was decided by a prior judgment should be resolved **against** using

2

it as an estoppel." 420 F.2d at 1274 (emphasis added). (This Court recalled this instruction very recently in <u>U.S. Bank v. First Am. Title Ins. Co.</u>, 2013 U.S. Dist. LEXIS 65751 (E.D. Pa. May 7, 2013)). The Court stated, as Your Honor has noted:

> "If, as is generally the case, the trial court must consider matters outside the complaint in deciding whether collateral estoppel is applicable, then the motion must be treated as one for summary judgment and be disposed of in accordance…"

420 F.2d at 1274. As Defendant IRB explained in its brief, it is necessary for the court to examine the existing record in order to make its determination as to the applicability of collateral estoppel. As such, the affirmative defense **of estoppel was improperly brought under a 12(b)(6) Motion to Dismiss.**

When explaining its decision, the <u>Kauffman</u> Court stated that "without examination of the record in the appellant's state trial," the court could not know what the verdict was exactly based on, and so the court would not have the requisite judgment to bar the present claim. "While the case may be appropriate for summary judgment upon consideration of the [ ] trial record, it was error to dispose of the complaint by a motion to dismiss on the ground of estoppel." 420 F.2d at 1275. This statement is clearly applicable to the instant case: Consideration of the previous trial record is necessary in order to properly determine whether the same issues are in play, and 2) It would be improper to rely on estoppel to succeed on a 12(b)(6) motion to dismiss argument.

Federal law supports this theory that estoppel, as an affirmative defense, is not properly brought in a motion to dismiss. Rule 12(b)(1) and 12(b)(6) motions are not the proper procedural method of moving for dismissal of a plaintiff's complaint based on the affirmative defense of preclusion. <u>U.S. Gypsum Co. v. Indiana Gas Co.</u>, 350 F.3d 623 (7th Cir. Ind. 2003)(stating that issue preclusion is not a permissible ground in principle for dismissing a complaint).

3

Furthermore, complaints "need not anticipate or attempt to diffuse potential defenses," supporting the fact that affirmative defenses should not be included in 12(b) motions. Gomez v. Toledo, 446 U.S. 635 (1980). "Res judicata is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial." Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc., 115 Fed Appx. 662 (5th Cir. Tex. 2004). "Whether res judicata or collateral estoppel bars this action in whole or part is more appropriately decided in the context of a motion for summary judgment than it is in the context of a defendant's motion to dismiss." Garcia v. Int'l Elevator Co., 358 F.3d 777 (10th Cir. Kan. 2004). See also Livera v. First Nat'l State Bank, 879 F.2d 1186 (3d Cir. N.J. 1989)("res judicata is an affirmative defense and not a doctrine which would defeat subject matter jurisdiction of this court"); Moch v. East Baton Rouge Parish School Bd., 548 F.2d 594 (5th Cir. 1977)("Generally, a party cannot base a 12(b)(6) motion on res judicata").

### B. *Kauffman* Line of Cases:

Although this Court's instructions were limited to the above analysis, given Defendant IRB's extremely confusing and misleading representation of the *Dici*, *Witkowski*, and *Chehi* cases, Plaintiffs will explain the cases more fully.

Defendant IRB misconstrued *Dici v. Pennsylvania*, 91 F.3d 542 (3d Cir. Pa. 1996). Defendant's cherry-picked quotations masquerading as 'holdings' and lack of actual detail or resolution hide that the case actually supports Plaintiffs' positions. In *Dici*, the appellant, a police officer, brought a civil rights action against her employer, the State, state police, and officials. Her claims were based on alleged sexual and racial harassment by the appellees. 91 F.3d at 545. This action followed a previous workers compensation claim on the same grounds,

4

which was denied. After the workers compensation claim was denied, appellant filed the civil rights-based complaint regarding the same incidences of harassment, plus a few additions. In the district court, summary judgment was granted to appellees on the basis that the civil rights claims were precluded by the workers compensation judgment. *Id.* at 546. On appeal, the appellant argued that the standard for recovery under the previously used workers compensation statute was different from that of the Civil Rights Act. Appellant also argued that genuine issues of material fact prevented entry of summary judgment based on preclusion.

The *Dici* court reviewed the elements of issue preclusion, and focused its analysis on the first: 1) the issue decided in the prior adjudication must be identical to the one presented in the later action. 91 F.3d at 548. The court found that the legal issues presented were not identical in the two cases, because the two different statutes required different legal arguments to support them. The court noted that although many factual allegations were identical, Pennsylvania law would instruct that issue preclusion not be applied to the facts of the case.

Just as the *Dici* plaintiff argued successfully that the standards for recovery for the two different statutes were different, so too the instant Plaintiffs argue that the statute relied upon in the California litigation is different from the statute in question in the instant litigation. Genuine issues of material fact are also in contest at present, but the *Dici* court properly instructed away from making a factual instead of legal determination. The legal issues and relevant facts of the present litigation are much different from those in the California litigation. Thus, under *Dici*, a court would be even more inclined to rule against issue preclusion. The *Dici* court cited several Pennsylvania cases that denied preclusive effect to both the facts and law of an earlier judgment when the applicable policies and procedures between the two actions were distinct. 91 F.3d at 551. *See Odgers v. Commonwealth Unemployment Comp. Bd. of Review*, 514 A.2d 359 (Pa.

5

1987); <u>Verbilla v. Workmen's Comp. Appeal Bd.</u>, 668 A.2d 601 (Pa. Commw. Ct. 1995); <u>Johnsonbaugh v. Dept. of Pub. Welfare</u>, 665 A.2d 20 (Pa. Commw. Ct. 1995); <u>Bortz v. Workmen's Comp. Appeal Bd.</u>, 656 A.2d 554 (Pa. Commw. Ct. 1995).

Defendant also neglected to properly explain the <u>Witkowski</u> case. The <u>Witkowski</u> court noted that determination of the collateral estoppel issue was "necessarily fact intensive". <u>Witkowski v. Welch</u>, 173 F.3d 192 (3d Cir. Pa. 1999). Referring to <u>Kauffman</u>, the court "caution[ed] against its invocation in most [other cases] without extreme care. Indeed, doubts about its application should usually be resolved against its use." 173 F.3d at 206.

In <u>Witkowski</u>, the plaintiffs in the underlying action claimed fraudulent conveyance of real property. Several counts of the underlying action were submitted to arbitration per a signed agreement. One defendant, Srein, was the transferee of the real property; his only involvement was to accept a mortgage on the property from the other defendants. This defendant was implicated in only one count, was not a party to the agreement, and was thus removed from the arbitration process. The main issue for the court to decide was whether the arbitration process removed consideration of the fraudulent conveyance issue with respect to all defendants, or whether it just removed defendant Srein from the process while having all other defendants fully arbitrate that issue. 173 F.3d at 197. The arbitrator dismissed all state claims, but held defendants liable under ERISA. <u>Id.</u> In the subsequent civil action, the district court found the issue in arbitration identical to that raised in the plaintiffs' complaint against Srein. The court stated that any claim against Srein was based on the same fraudulent scheme as the claims that the arbitrator dismissed. The only question on appeal was whether the lower court correctly applied the law in holding that collateral estoppel barred plaintiffs' claim of fraud and fraudulent conveyance against defendant Srein, the transferee of the property.

6

These circumstances are very different from those of the instant case. The claims against defendant Srein were obviously based on the same alleged fraud as the other defendants, because Srein was the transferee of the property in question. He performed no action against the plaintiffs except to accept the property at the end of the chain of fraud. Srein was only involved in the entire matter as an extension of the other defendants' actions. In contrast, Defendant IRB is liable to the instant Plaintiffs for wrongs it committed separate and fully apart from those that the other defendants in this matter committed. Plaintiffs are charging Defendant IRB with distinct wrongs based on IRB's direct, individual actions in this matter. As the _Witkowski_ court stated, "If the defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel." 173 F.3d at 206. Defendant IRB poses an opposite to the _Witkowski_ court's description: IRB's responsibility is *not* dependant upon the culpability of the Lexis defendants, as Defendant IRB is also an immediate actor, so IRB cannot extend _Witkowski_ to shield itself. The issues against Srein and the other defendants were "so inextricably intertwined with one another that the disposal of the claims against the one is necessarily fatal to the alleged claim against the other." _Id._ Such is not the case at present.

Lastly, Defendant's cursory 'review' of _Gregory v. Chehi_, 843 F.2d 111 (3d Cir. Pa. 1988), requires more explanation. In _Chehi_, the plaintiff was a police officer whose discharge warranted a Township Council hearing as to its propriety. 843 F.2d at 113. The plaintiff, a politically active citizen, had a checkered political past with one Council member, and so moved to disqualify him. However, the councilman asserted his objectivity and refused to recuse himself. After the council ruled against him, the plaintiff appealed in state court, where his

allegations of bias were deemed without merit. *Id.* Three months later, the plaintiff filed suit in federal court seeking reinstatement and damages for alleged violations of his First Amendment rights. The district court granted summary judgment to defendants after finding that plaintiff's First Amendment claims were barred by collateral estoppel, stating that the court had fully adjudicated the alleged political bias of the review board.

On appeal, the plaintiff argued that the state court in the previous action had considered political activity only regarding his claim of the one councilman's bias, and there were no substantive First Amendment claims in the state court, thus differentiating the present issues. In contrast, the defendants insisted that the determination of the constitutional claims was crucial to the first court's decision. The appeals court noted that in issue preclusion cases, "the earlier judgment forecloses only a matter actually litigated and essential to the decision. The first judgment does not prevent reexamination of issues that might have been, but were not, litigated in the earlier action." 843 F.2d at 116; citing *Riverside Memorial Mauseleum, Inc., v. UMET Trust*, 581 F.2d 62 (3d Cir. Pa., 1978). Citing *Kauffman*, the court recalled the important admonition that "reasonable doubt as to what was decided by a prior judgment should be resolved against using it as estoppel." 843 F.2d at 121; citing *Kauffman*, 420 F.2d at 1274. Thus, the court ruled that the previous court did not adjudicate the issue of politically motivated discharge, and so issue preclusion did not bar the current claim.

Likewise, in the instant case, the claims against IRB were not brought in the previous action, and they arise from substantially different circumstances and legal issues. Furthermore, as the courts in *Kauffman, Witkowski, Dici,* and *Chehi* cautioned, any reasonable doubt should be resolved against use of estoppel.

8

## III. <u>CONCLUSION</u>:

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Dismiss and/or Transfer Venue be DENIED.

Respectfully,

_____
Philip J. Berg
Attorney for the Plaintiffs
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification No. 09867
Email: philjberg@gmail.com
(610) 825-3134

PJB:jb

## VERIFICATION of PHILIP J. BERG, ESQUIRE

I, PHILIP J. BERG, ESQUIRE, hereby state that I am a Plaintiff in this action and the Attorney of Record representing the other Plaintiffs and verify that the statements made in the foregoing Memorandum of Law as a Sur-Reply to the Reply Memorandum of Defendant, IRBSearch, LLC, are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: May 22, 2013

_____
PHILIP J. BERG, ESQUIRE

Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
PA Identification No. 09867
(610) 825-3134

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA OSTELLA, et al, | : |
| Plaintiffs, | : |
| vs. | : Case No.: 2:12-cv-07002 TON |
| IRBSEARCH, LLC, et al, | : |
| Defendants. | : |

### CERTIFICAE OF SERVICE

I, Philip J. Berg, Esquire, hereby certify that a copy of Plaintiffs' Memorandum of Law as a Sur-Reply to the Reply Memorandum of Defendant, IRBSearch, LLC, was served this 22nd day of May 2013 electronically and/or by Email and/or by United States Postal Service with postage fully prepaid upon the following:

**IRBSearch, LLC**
c/o Frank P. Rainer, Esquire
411 East College Avenue
Tallahassee, Florida 32301
Served through the ECF Filing System
and
to Charles L. Rombeau, Esquire by Email rombeauc@gtlaw.com

FILED
MAY 22 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

and

**Neil Sankey**
4230 Alamo Street
Simi Valley, CA 93063
Served by U.S. Mail

and

1

**The Sankey Firm, Inc. (unrepresented)**
2470 Stearns Street #162
Simi Valley, CA 93063
Served by U.S. Mail

and

**Todd Sankey**
2470 Stearns Street #162
Simi Valley, CA 93063
Served by U.S. Mail

and

**LexisNexis Risk Data Management, Inc.**
c/o Michael B. Miller, Esquire
**MORRISON & FOERSTER, LLP**
1290 Avenue of the Americas
New York, NY 10104
Email: mbmiller@mofo.com, docketny@mofo.com
Served through the ECF Filing System

and

Sharon F. McKee, Esquire
Mark A. Aronchick, Esquire
**HANGLEY, ARONCHICK, SEGAL, PUDLIN, & SCHILLER, P.C.**
One Logan Square, 27th Floor
Philadelphia, PA 19103
Email: maronchick@hangley.com, dac@hangley.com, ecffilings@hangley.com
Email: smckee@hangley.com, ecffilings@hangley.com, mzh@hangley.com
Served through the ECF Filing System

Respectfully,

_____
PHILIP J. BERG, ESQUIRE
Attorney for Plaintiffs

2