## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA OSTELLA, et al.,                    :
                                         :
      Plaintiffs,                         :        CIVIL ACTION
                                         :        No. 2:12-cv-07002
vs.                                      :
                                         :
IRBSEARCH, LLC, et al.,                  :
                                         :
      Defendants                          :
_____ /

## AMENDED ANSWER TO COMPLAINT
## And
## AFFIRMATIVE DEFENSES

Defendant, IRBSEARCH, LLC, through undersigned counsel and, pursuant to Federal

Rules of Civil Procedure 15(a), *see*, also *Yale Univ. v. Konowaloff*, 3:09CV466 AWT, 2010 WL

3925262 (D. Conn. Sept. 29, 2010), files this Amended Answer and Affirmative Defenses as a

matter of course, within 21 days of filing its original answer to Plaintiffs' Complaint, and states:

## ANSWER

**I.**      **PRELIMINARY STATEMENT:**

1.      The allegations set forth in paragraph one of the complaint are denied.

**II.**      **PARTIES:**

2.      Without knowledge and therefore denied.

3.      Without knowledge and therefore denied.

4.      Without knowledge and therefore denied.

5.      Without knowledge and therefore denied.

6.      Without knowledge and therefore denied.

7.      First sentence admitted.  Second sentence denied as to International.

8.      Admitted.

4817-7126-3767.1
48211/0003 frainer fr

9.      Without knowledge and therefore denied.

10.     Without knowledge and therefore denied.

11.     Without knowledge and therefore denied.

## III.    JURISDICTION AND VENUE

12.     Denied.

13.     The allegations are denied as set forth in paragraph 13.

## IV.    FACTUAL ALLEGATIONS AS TO ALL COUNTS:

### i.      The Driver's Privacy Protection Act ("DPPA"):

14.     Admitted, as to Statutory cite, denied as to remainder of paragraph.

15.     Denied, Statute speaks for itself.

16.     Denied, Statute speaks for itself.

17.     Denied, Statute speaks for itself.

18.     Denied, Statute speaks for itself.

19.     Denied, Statute speaks for itself.

20.     Denied, Statute speaks for itself.

### ii.     About IRBSearch, LLC:

21.     The allegations are denied as set forth in paragraph 21.

22.     The allegations are denied as set forth in paragraph 22.

23.     The allegations are denied as set forth in paragraph 23.

24.     The allegations are denied as set forth in paragraph 24.

25.     The allegations are denied as set forth in paragraph 25.

26.     The allegations are denied as set forth in paragraph 26.

27.     The allegations are denied as set forth in paragraph 27.

2

28.     The allegations are denied as set forth in paragraph 28.

29.     The allegations are denied as set forth in paragraph 29.

30.     The allegations are denied as set forth in paragraph 30.

31.     The allegations are denied as set forth in paragraph 31.

32.     The allegations are denied as set forth in paragraph 32.

33.     The allegations are denied as set forth in paragraph 33.

34.     The allegations are denied as set forth in paragraph 34.

35.     The allegations are denied as set forth in paragraph 35.

   **iii.     About Accurint:**

36.     Without knowledge and therefore denied.

37.     Without knowledge and therefore denied.

38.     Without knowledge and therefore denied.

39.     Without knowledge and therefore denied.

40.     Without knowledge and therefore denied.

41.     Without knowledge and therefore denied.

42.     Without knowledge and therefore denied.

43.     Without knowledge and therefore denied.

44.     Without knowledge and therefore denied.

45.     Without knowledge and therefore denied.

46.     Without knowledge and therefore denied.

47.     Without knowledge and therefore denied.

48.     Without knowledge and therefore denied.

49.     Without knowledge and therefore denied.

4817-7126-3767.1
48211/0003 frainer fr

50.     Without knowledge and therefore denied.

51.     Without knowledge and therefore denied.

52.     Without knowledge and therefore denied.

      **iv.**     **IRB's Relationship with Accurint:**

53.     The allegations are denied as set forth in paragraph 53.

54.     The allegations are denied as set forth in paragraph 54.

55.     The allegations are denied as set forth in paragraph 55.

56.     The allegations are denied as set forth in paragraph 56.

57.     The allegations are denied as set forth in paragraph 57.

58.     The allegations are denied as set forth in paragraph 58.

      **v.**     **IRB's Relationship with The Sankey Firm, Inc.:**

59.     Admitted.

60.     The allegations are denied as set forth in paragraph 60.

61.     The allegations are denied as set forth in paragraph 61.

62.     The allegations are denied as set forth in paragraph 62.

63.     The allegations are denied as set forth in paragraph 63.

64.     The allegations are denied as set forth in paragraph 64.

      **vi.**     **Accurint and IRB's Compliance with the DPPA:**

65.     The allegations are denied as set forth in paragraph 65.

66.     The allegations are denied as set forth in paragraph 66.

67.     The allegations are denied as set forth in paragraph 67.

68.     The allegations are denied as set forth in paragraph 68.

4817-7126-3767.1
48211/0003 frainer fr

**vii.**   **Allegations relating to Plaintiffs:**

69.   Without knowledge and therefore denied.

70.   The allegations are denied as set forth in paragraph 70.

71.   The allegations are denied as set forth in paragraph 71.

72.   The allegations are denied as set forth in paragraph 72.

73.   The allegations are denied as set forth in paragraph 73.

74.   The allegations are denied as set forth in paragraph 74.

75.   The allegations are denied as set forth in paragraph 75.

76.   The allegations are denied as set forth in paragraph 76.

77.   The allegations are denied as set forth in paragraph 77.

78.   The allegations are denied as set forth in paragraph 78.

79.   The allegations are denied as set forth in paragraph 79.

80.   Admitted, as to Subpoena and Objections, otherwise denied.

81.   Without knowledge and therefore denied.

82.   Without knowledge and therefore denied.

83.   The allegations are denied as set forth in paragraph 83.

84.   The allegations are denied as set forth in paragraph 84.

85.   The allegations are denied as set forth in paragraph 85.

81.   The allegations are denied as set forth in paragraph 81.[1]

82.   The allegations are denied as set forth in paragraph 82.

83.   The allegations are denied as set forth in paragraph 83.

84.   The allegations are denied as set forth in paragraph 84.

---

[1] Plaintiffs' complaint contains a scrivener's error that incorrectly numbers paragraph 86 of the pleading as paragraph 81, paragraph 87 as 82, and so on.  This answer is drafted accordingly.

4817-7126-3767.1
48211/0003 frainer fr

85.    The allegations are denied as set forth in paragraph 85.

## COUNT ONE

86.    Paragraph 86 consists of an incorporation of the preceding paragraphs in which no response is required, and therefore denied.

87.    Without knowledge and therefore denied.

88.    The allegations are denied as set forth in paragraph 88.

89.    The allegations are denied as set forth in paragraph 89.

90.    The allegations are denied as set forth in paragraph 90.

91.    The allegations are denied as set forth in paragraph 91.

92.    The allegations are denied as set forth in paragraph 92.

93.    The allegations are denied as set forth in paragraph 93.

94.    The allegations are denied as set forth in paragraph 94.

95.    The allegations are denied as set forth in paragraph 95.

96.    The allegations are denied as set forth in paragraph 96.

97.    The allegations are denied as set forth in paragraph 97.

## COUNT TWO

98.    Paragraph 98 consists of an incorporation of the preceding paragraphs in which no response is required, and therefore denied.

99.    The allegations are denied as set forth in paragraph 99.

100.   Without knowledge and therefore denied.

101.   The allegations are denied as set forth in paragraph 101.

102.   The allegations are denied as set forth in paragraph 102.

103.   The allegations are denied as set forth in paragraph 103.

4817-7126-3767.1
48211/0003 frainer fr

104.    The allegations are denied as set forth in paragraph 104.

105.    The allegations are denied as set forth in paragraph 105.

106.    The allegations are denied as set forth in paragraph 106.

107.    The allegations are denied as set forth in paragraph 107.

## COUNT THREE

108.    Paragraph 108 consists of an incorporation of the preceding paragraphs in which no response is required, and therefore denied.

109.    The allegations are denied as set forth in paragraph 109.

110.    The allegations are denied as set forth in paragraph 110.

111.    The allegations are denied as set forth in paragraph 111.

112.    The allegations are denied as set forth in paragraph 112.

113.    The allegations are denied as set forth in paragraph 113.

114.    The allegations are denied as set forth in paragraph 114.

115.    The allegations are denied as set forth in paragraph 115.

116.    The allegations are denied as set forth in paragraph 116.

## COUNT FOUR

117.    Paragraph 117 consists of an incorporation of the preceding paragraphs in which no response is required, and therefore denied.

118.    Statute speaks for itself.

119.    Without knowledge and therefore denied.

120.    The allegations are denied as set forth in paragraph 120.

121.    The allegations are denied as set forth in paragraph 121.

122.    The allegations are denied as set forth in paragraph 122.

4817-7126-3767.1
48211/0003 frainer fr

123.   The allegations are denied as set forth in paragraph 123.

124.   The allegations are denied as set forth in paragraph 124.

125.   Paragraph 125 consists of pleading of which no response is required, and therefore denied.

## COUNT FIVE

126.   Paragraph 126 consists of an incorporation of the preceding paragraphs in which no response is required, and therefore denied.

127.   Statute speaks for itself.

128.   The allegations are denied as set forth in paragraph 128.

129.   The allegations are denied as set forth in paragraph 129.

130.   Without knowledge and therefore denied.

131.   The allegations are denied as set forth in paragraph 131.

132.   The allegations are denied as set forth in paragraph 132.

133.   The allegations are denied as set forth in paragraph 133.

134.   The allegations are denied as set forth in paragraph 134.

135.   The allegations are denied as set forth in paragraph 135.

136.   The allegations are denied as set forth in paragraph 136.

137.   The allegations are denied as set forth in paragraph 137.

138.   The allegations are denied as set forth in paragraph 138.

139.   The allegations are denied as set forth in paragraph 139.

140.   Paragraph 140 consists of pleading of which no response is required, and therefore denied.

4817-7126-3767.1
48211/0003 frainer fr

## COUNT SIX

141.   Paragraph 141 consists of an incorporation of the preceding paragraphs in which no response is required, and therefore denied.

142.   The allegations are denied as set forth in paragraph 142.

143.   The allegations are denied as set forth in paragraph 143.

144.   The allegations are denied as set forth in paragraph 144.

145.   The allegations are denied as set forth in paragraph 145.

146.   The allegations are denied as set forth in paragraph 146.

147.   The allegations are denied as set forth in paragraph 147.

148.   The allegations are denied as set forth in paragraph 148.

149.   The allegations are denied as set forth in paragraph 149.

## COUNT SEVEN

150.   Paragraph 150 consists of an incorporation of the preceding paragraphs in which no response is required, and therefore denied.

151.   The allegations are denied as set forth in paragraph 151.

152.   The allegations are denied as set forth in paragraph 152.

153.   The allegations are denied as set forth in paragraph 153.

154.   The allegations are denied as set forth in paragraph 154.

155.   The allegations are denied as set forth in paragraph 155.

156.   The allegations are denied as set forth in paragraph 156.

4817-7126-3767.1
48211/0003 frainer fr

## COUNT EIGHT

157.    Paragraph 157 consists of an incorporation of the preceding paragraphs in which no response is required, and therefore denied.

158.    The allegations are denied as set forth in paragraph 158.

159.    Without knowledge and therefore denied.

160.    The allegations are denied as set forth in paragraph 160.

161.    The allegations are denied as set forth in paragraph 161.

162.    The allegations are denied as set forth in paragraph 162.

163.    The allegations are denied as set forth in paragraph 163.

164.    The allegations are denied as set forth in paragraph 164.

165.    Paragraph 165 consists of pleading of which no response is required, and therefore denied.

166.    Unless specifically admitted herein all matters are denied.

## AFFIRMATIVE DEFENSES

Without admitting any allegation set forth in the complaint, Defendant sets forth the following affirmative defenses:

1.    Plaintiffs' claims are barred by the doctrine of collateral estoppel because the material facts alleged, the alleged legal violations, and the underlying events are the same as those previously litigated in the California action *(Lisa Liberi, et al v. Orly Taitz, et al, No. 11-00485, U.S. Dist. Ct. Central CA, So. Dist., Santa Ana, 2008)*(the "California Litigation"); and, therefore precluded by collateral estoppel as the issues were already litigated, or are encompassed in the issues previously decided.

4817-7126-3767.1
48211/0003 ffrainer fr

2.      Plaintiffs' claims are barred by issue preclusion because identical issues were actually litigated and previously adjudicated, prior determination of the issues was required for the decision in the California Litigation, and Liberi, et al. was adequately represented in that action. *See*, *Howard Hess Dental Labs., Inc v. Dentsply int'l, Inc.*, 602 F.3d 237, 247-48 (3d Cir. 2010).

3.      Plaintiffs' claims are barred by Res Judicata from the decision in the California Litigation, which promotes judicial efficiency and protects against re-litigating issues, because Defendant is in contractual privity with LNRDMI, and because the underlying events are sufficiently similar to those previously litigated and disposed of in the California action *(Lisa Liberi, et al v. Orly Taitz, et al)* against LNRDMI. In addition, Plaintiff sought to include Defendant, IRBsearch, in the California Litigation and was denied such relief.

4.      The Complaint fails to the extent Plaintiffs' claims are barred because Defendant is immune under the Communications Decency Act, 47 U.S.C. § 230, *et seq.*, or Plaintiffs' claims are otherwise preempted.

5.      Each count of Plaintiff's complaint, fails to state a claim upon which relief can be granted against Defendant.

6.      Plaintiffs' claims are barred because any alleged losses, injury or damages suffered by Plaintiffs were not caused by or a result of any act of Defendant but were caused by circumstances or persons for which Defendant is not responsible.

7.      Plaintiffs' claims are barred, in whole or in part, because no conduct by or attributable to Defendant is the proximate cause or cause in fact of the alleged damages plaintiffs seeks to recover.

4817-7126-3767.1
48211/0003 frainer fr

8.      Plaintiffs' injuries or damages, if any, were caused, in whole or part, by the intervening and superseding acts of negligence, recklessness or willful misconduct of non-parties to this action.

9.      Plaintiffs do not have the requisite privity with Defendant so as to be able to assert a claim of liability as to Defendant.

10.     Defendant cannot be held liable when it resells data to a licensed investigative agency. *See*, 18 U.S.C. § 2721 (b)(8).

11.     Plaintiffs' claims are barred because plaintiffs failed to take reasonable steps to protect themselves from the damage, if any, alleged in the Complaint and failed to mitigate any such alleged damage.

12.     Plaintiffs' claims are barred to the extent the claims violate Defendant's rights under the United States Constitution by violating Defendant's First Amendment right to free speech.

13.     Plaintiffs' claims are barred to the extent the claims seek punitive damages because Plaintiffs' claims and prayers for relief would be an excessive penalty and forfeiture in violation of the Eighth Amendment of the United States Constitution, due process rights, applicable statutory provisions, and rules of equity.

14.     Plaintiffs' claims for losses and legal relief are barred, in whole or in part, because the alleged losses and damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of the alleged losses and damages.

15.     Plaintiffs' claims are barred for lack of subject matter jurisdiction,  under the Rooker-Feldman doctrine, in connection with the California litigation and otherwise.

4817-7126-3767.1
48211/0003 frainer fr

16.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

17.     Plaintiffs' claims are barred by the doctrine of laches.

18.     Plaintiffs' choice of law in this matter is incorrect, and should be governed by Florida law.

19.     Plaintiffs' claims are barred by the doctrine of waiver.

20.     Plaintiffs' claims are barred by the doctrine of estoppel.

21.     Defendant would assert that some of the Plaintiffs' lack standing because they suffered no invasion of the interests protected in the various causes of action asserted.

## GENERAL STATEMENTS

1.     Defendant is incurring and has incurred attorney's fees, court costs, investigative costs and other costs in connection with defending the Complaint.  Defendant has been required to hire the undersigned counsel to defend this action.

2.     Defendant adopts and incorporates by reference any affirmative defenses asserted by any other party to this action, to the extent such affirmative defenses apply to Defendant.

3.     Defendant gives notice that it intends to rely upon any other defense that may become available or apparent during discovery and reserves the right to amend this Answer and assert any such defense.

4.     All affirmative defenses are plead in the alternative.

WHEREFORE, Defendant, IRBSEARCH LLC, requests the following relief:

A.  Judgment be entered against Plaintiffs, LISA OSTELLA, et al., with prejudice, on all counts and claims in its Complaint; and

4817-7126-3767.1
48211/0003 frainer fr

B.  Defendant be deemed the prevailing party against Plaintiffs, LISA OSTELLA, et al., and for having to defend this action be awarded their reasonable and necessary attorney's fees and costs, pursuant to 18 U.S.C. § 2724(c).

RESPECTFULLY SUBMITTED this 27th day of November, 2013.

BROAD AND CASSEL

By:  _____

FRANK P. RAINER
Fla. Bar No. 0436518
Sun Trust Bank Bldg.
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
Tel: 850.681.6810/ Fax: 850.681.9792
*Lead Attorney for Defendant* IRBSearch, LLC
*Pro Hac Vice*

and

CHARLES L. ROMBEAU
GREENBERG TRAURIG, LLC
Pennsylvania Bar No. 204859
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Tel: 215.988.7820/ Fax: 215.717.5238

*Attorney for Defendant* IRBSearch, LLC

4817-7126-3767.1
48211/0003 frainer fr

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of November, 2013, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court's CM/ECF System which will deliver a copy to:

Mark A. Marino
Email: nmarino@marino-law.com
Mark A. Marino PC
380 Lexington Ave 17th Fl
New York, NY 10168
Phone: 212-748-9552
*Counsel for Lisa Ostella, et al.*

Philip Jay Berg
Email: philjberg@gmail.com
555 Andora Glen Court
Suite 12
Lafayette Hill, PA 19444
Phone: 610-825-3134
Fax: 610-834-7659
*Counsel for Lisa Ostella et al.*

Anna M. Durbin
Email: anna.durbin@verizon.net
Law Offices of Anna M. Durbin
50 Rittenhouse Place
Ardmore, PA 19003
Phone: 610-649-8200
Fax: 610-649-8362
*Counsel for Lisa Ostella, Brent Liberi, and Frank M. Ostella*

/S/ Frank S. Rainer, Esq.
FRANK RAINER, ESQ.

4817-7126-3767.1
48211/0003 frainer fr